**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NURETTIN MAYAKAN,**

            **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:09-cv-2099-Orl-31DAB**

**CARNIVAL CORPORATION,**

            **Defendant.**
_____

## ORDER

This matter came before the Court *sua sponte* and upon consideration of Defendant's, Carnival Corporation ("Defendant"), Motion to Dismiss and Compel Arbitration (Doc. 18), Plaintiff's, Nurettin Mayakan ("Plaintiff"), response in opposition thereto (Doc. 19), and Defendant's Notice of Supplemental Authority (Doc. 28).

**I.**

Plaintiff is a Turkish seaman who was injured while working as a headwaiter on Defendant's cruise ships. More specifically, Plaintiff alleges that he was initially injured on October 26, 2006 after Defendant compelled him to carry heavy boxes onboard *Carnival Conquest*, a Panamanian-flagged vessel sailing out of Galveston, Texas. (Doc. 16 at 3, ¶ 7). Plaintiff further alleges that, notwithstanding its knowledge of his initial injury, Defendant compelled him to perform additional heavy work onboard the *Carnival Glory*, a Panamanian-flagged vessel sailing out of Port Canaveral, Florida, some time after June 16, 2007 and that this additional heavy work aggravated his initial injury. (Doc. 16 at 8, ¶ 22).

**II.**

Plaintiff originally filed suit in the Eighteenth Judicial Circuit Court in and for Brevard County, Fla. (Doc. 2). Defendant timely removed the action to this Court pursuant to 9 U.S.C. § 205, contending that Plaintiff's claims arise out of, and are related to, an arbitration agreement(s) that is subject to the United Nations Convention on the Recognition and Enforcement of Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3, 1970 WL 104417 [hereinafter the "New York Convention" or the "Convention"] (Doc. 1, ¶ 9).[1]

On January 13, 2010, the Court *sua sponte* dismissed the Complaint without prejudice for failure to comply with FED. R. CIV. P. 9(f) and to clarify the Court's subject matter jurisdiction. The Court observed:

> The counts in the Complaint are not clearly labeled as asserting specific claims or arising under specific provisions of law. Furthermore, the Complaint is generally devoid of background allegations that relate, *inter alia*, to the Court's jurisdiction and the applicability of the Jones Act. The Complaint does not allege, for instance, the places and times of each injury, the law of flags, the allegiance of Plaintiff, the allegiance of Carnival, the extent of Carnival's operations in the U.S., or the place where Plaintiff's contract of employment was made. *See*, *e.g.*, FED. R. CIV. P. 9(f); *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306 (1970).

(Doc. 12 at 1-2, n.2).

---

[1] The United States, Monaco, Panama, and Turkey are each Contracting States to the Convention. Pursuant to paragraph three of Article I of the Convention, however, the United States has declared that it will "apply the Convention, on the basis of reciprocity, to the recognition and enforcement of only those awards made in the territory of another Contracting State" and "only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the United States." Multilateral Treaties Deposited with the Secretary General (ST/LEG/SER/E) New York: United Nations, 1968-present, XXII-1, Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Declarations and Reservations, also available at http://treaties.un.org/doc/Publication/MTDSG/Volume%20II/Chapter%20XXII/XXII-1.en.pdf. Monaco and Turkey have entered reservations which, for all intents and purposes, are nearly identical to those of the United States. *Id*. Panama has not entered any reservations. *Id*.

Thereafter, Plaintiff filed his Amended Complaint, predicating subject matter jurisdiction on 28 U.S.C. § 1333[2] and clarifying his claims. (Doc. 16). Each claim is based on U.S. substantive law.[3] Specifically, Count I asserts a negligence claim pursuant to the Jones Act,[4] arising out of Plaintiff's October 2006 injury. (Doc. 16, ¶¶ 6-11). Count II asserts an unseaworthiness claim under general U.S. maritime law arising out of his October 2006 injury. (Doc. 16, ¶¶ 12-15). Count III asserts a claim for maintenance and cure under general U.S. maritime law arising out of Plaintiff's October 2006 injury. (Doc. 16, ¶¶ 16-21). Count IV asserts a negligence claim pursuant to the Jones Act arising out of his June 2007 injury. (Doc. 16, ¶¶ 22-29). Count V asserts an unseaworthiness claim under general U.S. maritime law arising out of Plaintiff's June 2007 injury. (Doc. 16, ¶¶ 30-33). Finally, Count VI asserts a claim for maintenance and cure under general U.S. maritime law arising out of his June 2007 injury. (Doc. 16, ¶¶ 16-21).[5]

On February 10, 2010, Defendant filed its Motion to Dismiss and Compel Arbitration, contending that this case must be arbitrated in Monaco pursuant to the New York Convention and U.S. substantiative law implementing same. (Doc. 18 at 1). In support of its motion, Defendant

---

[2]The Amended Complaint asserts that Plaintiff's claims are brought "on the law side of this Court and not as an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure." (Doc. 16, ¶ 2).

[3]As a citizen and resident of Turkey, however, it is not entirely clear that Plaintiff is entitled to the protections of U.S. law. *See Hellenic Lines Ltd.*, 398 U.S. 306; *Lauritzen v. Larsen*, 345 U.S. 571 (1953).

[4]*See* 46 U.S.C. § 30104 *et seq*.

[5]Importantly, each of count in the Amended Complaint is pled as a separate and distinct claim. In his original complaint, Plaintiff alleged that his initial injury onboard the *Carnival Conquest* was simply exacerbated by his subsequent service onboard the *Carnival Glory*. As a result, there were only three claims in the original complaint – each of which arose out of and was related to the 2006 injury. In contrast, the Amended Complaint asserts that Plaintiff's subsequent injury in 2007 did not arise out of and was not directly related to the 2006 injury.

relies on two seaman's contracts that Plaintiff executed in 2006 and 2007, respectively. If literally enforced, these contracts would require Plaintiff to arbitrate all of his claims in Monaco under the substantive law of Panama.

On February 19, 2010, Plaintiff filed his response, arguing, *inter alia*, that at least one of the seaman's contracts upon which Defendant relies is null and void.[6] Accordingly, Plaintiff contends that both of his Jones Act claims (i.e., Counts I and IV) are not subject to arbitration.

**IV.**

As Defendant notes, there appear to be at least two seaman's contracts at issue in this case (whether one or both of those contracts applies to Plaintiffs claims, however, is not yet clear). (Doc. 28-1). Each contract contains not only an arbitration provision, but also a choice of law clause which, on the facts of this case, would appear to apply Panamanian substantive law to all disputes arising out of Plaintiff's service on Defendant's ships. (Doc. 28-1 at 2-3 and 5-6). Notwithstanding the apparent application of Panamanian law, in both of their briefs, the parties rely on U.S. substantive law[7] in assessing, *inter alia*, whether Plaintiff's claims are subject to the New York Convention.

Upon careful review, it appears to the Court that the parties have "put the barge before the tug," *DeNicola v. Cunard Line, Ltd.*, 642 F.2d 5, 7 n.2 (1st Cir. 1981), in applying U.S. substantive law to the question of arbitrability. Before the Court can address whether Plaintiff's

---

[6]Plaintiff presumably reaches that conclusion based on U.S. substantive law, but does not identify any case law in support of same.

[7]Specifically, 9 U.S.C. §§ 202-208 and U.S. case law apply same, such as *Bautista v. Star Cruises*, 396 F.3d 1289, 1299 (11th Cir. 2005) and *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1117 (11th Cir. 2009).

claims are subject to arbitration, it must first determine the following: (1) the substantive law applicable to the parties' dispute; (2) whether the parties' contracts are valid under that State's substantive law; and (3) whether each of Plaintiff's claims arise out of and are related to the parties' contracts. Assuming that Panamanian substantive law governs and that the parties' contracts apply to each of Plaintiffs' claims, U.S. law implementing the New York Convention is arguably inapposite. *See*, *e.g.*, *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 n.32 (1983) (observing that the Federal Arbitration Act is "substantive law establishing and regulating the duty to honor an agreement to arbitrate"); *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 428 (10th Cir. 2006) ("We see no particular reason, at least in the international context, why a forum-selection clause, among the multitude of provisions in a contract, should be singled out as a provision not to be interpreted in accordance with the law chosen by the contracting parties."); *Motorola Credit Corp v. Uzan*, 388 F.3d 39, 50 (2d Cir. 2004) (applying Swiss – not U.S. – implementing law to New York Convention based on choice of law provision in parties' contract); *Milanovich v. Costa Crociere, S.p.A.*, 954 F.2d 763, 766 (D.C. Cir. 1992) ("If the choice-of law provision [in the parties' maritime contract] is enforceable, we will use the law that it selects to evaluate the enforceability of the remainder of the contract terms.") (citations omitted); *see also* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 218 (current through June 2009) (providing that the rules of conflicts of law apply to "[t]he validity of an arbitration agreement, and the rights created thereby").

Accordingly, it is **ORDERED** that, by no later than **Friday, April 23, 2010**, the parties shall provide the Court with supplemental briefs, which shall be limited to no more than twenty (20) pages each, that address the following issues:

1. Whether general federal maritime law or some other body of law provides the choice of law principles that govern the parties' dispute;

2. Under the choice of law principles in Paragraph One, what substantive law governs the parties' dispute;

3. Under the substantive law in Paragraph Two, whether one or both of the parties' contracts are valid and enforceable;

4. Under the substantive law in Paragraph Two, whether each of Plaintiff's claims arise out of or are related to the parties' contracts (and, if so, which claims are related to which contract); and

5. Under the substantive law in Paragraph Two, whether some or all of Plaintiff's claims are subject to arbitration pursuant to the New York Convention.

It is **FURTHER ORDERED** that the parties may engage in limited written discovery that is narrowly focused on the foregoing issues and proffer whatever expert testimony may be necessary to resolve same. Alternatively, the parties may stipulate as to any or all of these issues.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 8, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE